UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Respondent,<br><br>v.<br><br>IVAN ARREDONDO-MEZA,<br><br>    Defendant-Movant. | Case No. 4:12-CV-00583-BLW<br><br>    4:07-CR-00187-BLW<br><br>**MEMORANDUM DECISION & ORDER** |

## INTRODUCTION

Pending before the Court are Ivan Arredondo-Meza's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1) and the Government's Motion to Dismiss (Civ. Dkt. 5). Having reviewed the briefing and the record in this case, as well as the underlying criminal record, the Court will grant the Motion to Dismiss in part, dismiss the § 2255 Motion in part, and allow Arredondo-Meza to pursue his claim of ineffective assistance of counsel at the pretrial or plea stage of the proceedings.

## BACKGROUND

On April 24, 2008, Arredondo-Meza was convicted by a jury of conspiring to distribute 500 grams or more of methamphetamine and continuing criminal enterprise. *Special Verdict Form*, Crim. Dkt. 209. On October 10, 2008, this Court sentenced him to

480 months of imprisonment on each count, to be served concurrently. *Judgment*, Crim. Dkt. 276. Arredondo-Meza then appealed his conviction and sentence alleging ineffective assistance of counsel and challenging the drug quantity calculation on which his sentence was based. The Ninth Circuit Court of Appeals denied his appeal in a memorandum decision on October 27, 2011. *United States v. Arredondo-Meza*, 455 Fed. Appx. 763 (9th Cir. 2011); *USCA Mem.*, Crim. Dkt. 412. The Ninth Circuit declined to consider Arredondo-Meza's claim of ineffective assistance of counsel, but did address his claims regarding the calculation of drug amounts and reasonableness of the sentence. *Id*.

On November 16, 2012, Arredondo-Meza timely filed the pending § 2255 Motion challenging the drug quantity used at sentencing because it was inconsistent with the jury verdict (Grounds One, Two, and Three) and alleging that his counsel provided ineffective assistance at the pretrial, trial, sentencing, and appeal phases of his case (Ground Four). Arredondo-Meza was initially represented by Kelly Kumm for a period of approximately one month prior to retaining R. James Archibald who represented him through pretrial, trial, and sentencing. John Stosich was appointed to represent Arredondo-Meza on appeal.

On February 28, 2013, the Government filed the pending Motion to Dismiss addressing only the drug quantity and ineffective assistance of counsel at sentencing claims. On April 8, 2013, Arredondo-Meza filed a Response (Civ. Dkt. 8) in which he elaborated on his claim of ineffective assistance of counsel at the pretrial or plea stage of the proceedings in light of *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v.*

*Frye*, 132 S.Ct. 1399 (2012).

## LEGAL STANDARD

A prisoner asserting the right to be released "may move the court which imposed the sentence to vacate, set aside or correct the sentence" under 28 U.S.C. § 2255(a). Section 2255 provides four grounds that justify relief for a federal prisoner who challenges the fact or length of his detention: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a). Despite this seemingly broad language, "the range of claims which may be raised in a § 2255 motion is narrow." *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981).

A response from the government and a prompt hearing are required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b); *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (quotation omitted). To withstand summary dismissal, a defendant "must make specific factual allegations which, if true, would entitle him to relief on his claim." *United States v. Keller*, 902 F.2d 1391, 1395 (9th Cir. 1990). Conclusory statements, without more, are insufficient to require a hearing. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

# ANALYSIS

Arredondo-Meza explains his arguments on the drug quantity claims in an attachment to the § 2255 Motion. Civ. Dkt. 1 at 4-16; 1-1 at 1-2. He alleges the ineffective assistance of counsel claim is based on the failure of each of his attorneys to present these arguments. Because Mr. Kumm was not involved at the sentencing stage of the proceeding and Mr. Stosich did raise drug quantity issues on appeal, the Court will consider Arredondo-Meza's allegations as applying only to Mr. Archibald. Further, because the allegations make no reference to any general or specific deficiencies at trial or on appeal, they are subject to dismissal. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989) (conclusory allegations are insufficient to state a claim of ineffective assistance of counsel.)

## 1. Drug Quantities for Purposes of Sentencing

Arredondo-Meza's three drug quantity arguments are interrelated. First, he alleges that the Court and the Government determined a drug quantity above that found by the jury in violation of the *Apprendi/Blakely/Booker* line of cases and that the jury verdict itself was "legally void" because the jury found him guilty of distributing "500 grams or more" of methamphetamine rather than an exact number of grams thus increasing his "statutory maximum" from less than a 15-year sentence to 360-life. Second, he alleges that his sentence is jurisdictionally defective because the Court sentenced him based on drug amount above 500 grams which he appears to believe was the maximum amount properly found by the jury. Finally, he again alleges that the jury must find the exact

amount of drugs and that the Court cannot impose sentence based on an amount higher than that found by the jury. The Government responds that Arredondo-Meza cannot raise this drug quantity claim in his § 2255 Motion because the issue was raised and decided on direct review.

In *Kaufman v. United States*, 394 U.S. 217 (1969), the Supreme Court stated that a district court has "discretion" to refuse a claim brought under § 2255 that has already been raised and resolved against the prisoner on direct review. *Id.* at 227, n. 8. Since *Kaufman*, courts have uniformly held that, absent countervailing considerations, "district courts may refuse to reach the merits of a constitutional claim previously raised and rejected on direct appeal." *Withrow v. Williams*, 507 U.S. 680, 721 (1993). Thus, "a prior opportunity for full and fair litigation is normally dispositive" of a § 2255 claim. *Id.*

In affirming Arredondo-Meza's sentence, the Ninth Circuit held that 'the issue of drug quantity was not required to be determined by a jury because that fact did not increase the statutory maximum." *Arredondo-Meza*, 455 Fed. Appx. At 764 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). Furthermore, the Ninth Circuit held that "the district court correctly applied the preponderance of the evidence standard," that "[t]he court was entitled to approximate the weight of the drugs to determine the application Guidelines range," and that "the district court did not clearly err in its factual determination regarding the quantity of drugs attributable to Arredondo-Meza because it applied the correct burden of proof, used reliable evidence, and erred on the side of caution." *Id*. at 764-65. Although Arredondo's claims here differ to some degree from

the claims raised on appeal, these claims are essentially resolved by the Ninth Circuit's determination that the Court's determination of the drug quantity did not violate *Apprendi*. Since the drug quantity issue was fully and fairly litigated on direct review, Grounds One, Two, and Three are subject to dismissal.

   2.    **Ineffective Assistance of Counsel at Sentencing for Failing to Raise Drug Quantity Issues**

The Court will also deny Arredondo-Meza's ineffective assistance of counsel at sentencing claim without an evidentiary hearing. To prevail on this claim, Arredondo-Meza must show that (1) his attorney's performance was unreasonable under prevailing professional standards, and (2) there is a "reasonable probability that but for counsel's unprofessional errors, the result would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-91, 694 (1984). *Strickland* defines a reasonable probability as "a probability sufficient to undermine confidence in the outcome." *Id. Strickland* sets a "highly demanding" standard for evaluating an attorney's performance, essentially requiring the petitioner to prove that his attorney's performance amounted to "gross incompetence." *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).

Arredondo-Meza argues that his counsel failed to raise the drug quantity issues identified above during sentencing. He claims that this ineffectiveness resulted in a quantity determination well outside the jury's findings and a sentence far greater than allowed by statute. The Court notes that counsel did object to the drug quantity determination prior to sentencing based on the "wild guesses" of unreliable witnesses. *See Def.'s Objections to Presentence Report*, Crim. Dkt. 230. Even if counsel did not

raise the drug quantity issues Arredondo-Meza suggests at sentencing, it does not follow that his counsel was ineffective or that Arredondo-Meza was prejudiced. As noted above, the Court appropriately determined drug quantity attributable to Arredondo-Meza during sentencing, and Arredondo-Meza has not identified any evidence or argument that his attorney could or should have submitted to persuade the Court that its calculations were in error. Accordingly, Arredondo-Meza can demonstrate neither deficient performance nor prejudice, and this claim is subject to dismissal.

### 3. Ineffective Assistance of Counsel at the Plea Stage

In his § 2255 Motion and supporting brief, Arredondo-Meza makes only a conclusory claim of ineffective assistance of counsel at the pretrial or plea phase. However, he does detail his claim in his Reply to the Motion to Dismiss when asserting that his counsel gave unreasonable advice during plea bargaining that resulted in his proceeding to trial instead of taking an allegedly proffered plea deal of twenty (20) years. *Reply* at 2-6.

Arredondo-Meza claims that he advised Mr. Archibald early in the proceedings of his wish to pursue plea negotiations, that the Government initially offered a plea deal of twenty (20) years, that Mr. Archibald recommended delaying acceptance of the offer until after jury selection to see if the Government would agree to a lesser sentence given that the evidence against Arredondo-Meza was circumstantial, and that Mr. Archibald failed to explain the risks of going to trial. Arredondo-Meza went to trial when the

Government failed to reduce its offer. He claims that had he been properly advised, he would have accepted the plea offer and likely received a substantially lower sentence.

Arredondo-Meza specifically referred to the "similar issue" he raised on appeal regarding ineffective assistance of counsel at the plea stage. *Reply* ¶ 23. He referred to the Ninth Circuit's decision to decline consideration of the issue on direct appeal given the need to develop the record. *See Arredondo-Meza*, 455 Fed. Appx. at 764. This prompted the Court to review the appellate briefs.

One of Mr. Stosich's arguments on appeal was that Arredondo-Meza "had a constitutional right under the Sixth Amendment to be presented with a plea agreement and have the opportunity to make an informed decision accepting or rejecting the plea agreement which right was violated by his counsel's failure to do so." He referred to the "glaring deficits in investigating and presenting the merits of his investigation" to Arredondo-Meza to enable him to make an informed decision as to how to proceed. As is more specifically discussed in the brief, Mr. Archibald allegedly failed to discover that Arredondo-Meza had made certain written admissions which Mr. Archibald did not seek to have excluded until just before trial. As is also more specifically discussed in the brief, Mr. Archibald argued before this Court that had he known about the admissions earlier, he would have filed a motion to suppress or talked to Arredondo-Meza about a plea. Mr. Archibald also allegedly failed to pursue plea negotiations when the Court allowed him to do so during the trial.

The Government defended against the ineffective assistance of counsel issue on appeal essentially by arguing that the record was undeveloped as to whether the Government made a plea offer, whether counsel presented Arredondo-Meza with a plea offer, when counsel became aware of Arredondo-Meza's confession or why he did not know of it sooner, and what discussions counsel had with Arredondo-Meza regarding whether to pursue plea negotiations. The Ninth Circuit agreed and thus failed to consider the issue on direct appeal.

The Court has reviewed the trial transcript to refresh its recollection of the argument and testimony regarding Mr. Archibald's attempt to have the confession excluded. *See Trial Tr.* at 104-167, Crim. Dkt. 404. The argument revealed differing opinions on whether Arredondo-Meza's confession was timely produced and some confusion on defense counsel's part as to whether AUSA Fica was speaking in telephone conversations before trial of the confession or a proffer Arrendondo-Meza had made. The fact that a proffer had been made indicates that there had been at least some discussion of a plea agreement. It is unclear from the transcript whether counsel and the Government attempted to negotiate a plea agreement when the Court gave counsel an opportunity to do so prior to commencing trial.

Although arguably this claim is subject to summary dismissal for Arredondo-Meza's failure to provide specific allegations in his initial filing, the Court, out of an abundance of caution – given the lengthy sentence and potential of significant prejudice – finds that under the circumstances, Arredondo-Meza should be permitted to pursue the

claim. Mr. Archibald's statements at the beginning of trial provide some credibility to Arredondo-Meza's claim and suggest the need for its further development. The Government did not urge dismissal of the initial conclusory claim and indeed likely could not do so in good faith knowing the arguments raised on appeal and given its position on appeal that the issue needed further factual development.

For all of these reasons, the Court finds that it is in the interests of justice to appoint counsel for Arredondo-Meza for the limited purpose of pursuing the ineffective assistance of counsel claim at the pretrial and plea stage. Rather than order an evidentiary hearing at this time to develop the factual record, the Court will direct that counsel for Arredondo-Meza and for the Government file a joint status report within sixty (60) days from the date of this Order advising the Court of any factual issues to which they can stipulate, the relevant factual issues to be resolved, and the length of time required for an evidentiary hearing.

## ORDER

**IT IS ORDERED THAT:**

1. The Government's Motion to Dismiss (Civ. Dkt. 5) is **GRANTED IN PART** and Arredondo-Meza's § 2255 Motion (Civ. Dkt. 1) is **DISMISSED IN PART**. Grounds One, Two, and Three of the § 2255 Motion are **DISMISSED** and Ground Four is **DISMISSED IN PART**.

2. Arredondo-Meza may proceed with his claim of *pretrial* ineffective assistance of counsel through appointed counsel. Because he will be represented by counsel, he shall refrain from filing any pro se motions.

3. The Clerk of Court shall take the necessary steps to obtain counsel from the CJA appointment list to represent Movant in this proceeding.

4. Appointed counsel shall review the record, consult with Arredondo-Meza, confer with Government counsel, and submit a joint status report as described above within sixty (60) days from the date of this Order.

DATED: October 28, 2014

B. Lynn Winmill
Chief Judge
United States District Court