UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>IVAN ARREDONDO-MEZA,<br><br>Defendant. | Case No. 4:07-cr-00187-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Defendant has filed a pro se motion for reduction of sentence along with two related motions asking the Court to order the government to produce certain documents. *See* Dkts. 483, 484, 485. For the reasons explained below, the Court will deny these motions.

## BACKGROUND

In 2007, Defendant Ivan Arredondo-Meza was indicted on one count of conspiracy to distribute 500 grams or more of methamphetamine and one count of continuing criminal enterprise. In April of 2008, a jury convicted him on both counts, and the Court later sentenced him to two concurrent terms of 480 months' imprisonment. *Judgment,* Dkt. 276. After the appeals process was completed, however, the Court granted Arredondo-Meza's § 2255 petition for ineffective

MEMORANDUM DECISION AND ORDER - 1

assistance of counsel. The Court ordered the government to reoffer the original plea agreement, which Arredondo accepted. Arredondo then pleaded guilty to the continuing-criminal-enterprise charge and he was then sentenced to 288 months' imprisonment. *See Judgment,* Dkt. 461. At the resentencing, Defendant's Total Offense Level was 39 and his Criminal History Category was I, which yielded a guidelines range of 262 to 327 months. *See Statement of Reasons,* Dkt. 460.

## LEGAL STANDARD

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgement and may not be modified by a district court except in limited circumstances. 18 U.S.C. § 3582(b). "Section 3582(c)(2) establishes an exception to the general rule of finality[.]" *Dillon v. United States*, 560 U.S. 817, 824 (2010). Specifically, § 3582(c)(2) provides, in relevant part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently lowered by the Sentencing Commission…, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing commission.

18 U.S.C. § 3582(c)(2). Thus, under Section 3582(c)(2), the analysis is twofold. First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guideline range. *Dillon*, 560 U.S. at 826. Second, the Court must consider the applicable § 3553(a) factors and determine

MEMORANDUM DECISION AND ORDER - 2

whether, in its discretion, such a reduction is consistent with policy statements issued by the Sentencing Commission. *Id.* at 827.

## ANALYSIS

Amendment 821 to the Sentencing Guidelines took effect November 1, 2023, and applies retroactively. *Sentencing Guidelines for the United States Courts*, 88 Fed. Reg. 60534 (Sept. 1, 2023). Amendment 821 is bifurcated into Parts A and B. Part B, which is the only potentially applicable part here, provides for a two-level reduction in the offense level for certain zero-point offenders with no criminal history and whose offense did not involve certain aggravating factors. *Sentencing Guidelines for the United States Courts*, 88 Fed. Reg. 60534, 60535 (Sept. 1, 2023). Arredondo is a zero-point offender, but he pleaded guilty to engaging in a continuing criminal enterprise. Zero-point offenders who engage in such conduct cannot qualify for an adjustment. *See* U.S.S.G. § 4C1.1(10) (disqualifying zero-point offenders from adjustment if the defendant was engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848). For that reason, the Court must deny the motion. Further, this ruling moots Defendant's requests for additional documents to support his motion. As just explained, Defendant is not qualified for an adjustment under Amendment 821, and the requested documents wouldn't have changed the outcome.

MEMORANDUM DECISION AND ORDER - 3

## ORDER

**IT IS ORDERED that**:

1. Defendant's Motion for Reduction of Sentence (Dkt. 483) is **DENIED**.

2. Defendant's Motion for an Order Directing the Government to Procure/Produce Petitioner's Post-Rehabilitation Documents (Dkt. 484) is **DENIED AS MOOT.**

3. Defendant's Motion for an Order Directing the Government to Procure/Produce Petitioner's Medical Records and Additional Records (Dkt. 485) is **DENIED AS MOOT.**

DATED: October 25, 2024

_____
B. Lynn Winmill
U.S. District Court Judge